IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARK GALLACHER,<br><br>Plaintiff,<br><br>v.<br><br>FALENLA.COM, et al.,<br><br>Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:18-cv-00945-DB-JCB<br><br>District Judge Dee Benson<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court is Plaintiff Mark Gallacher's ("Mr. Gallacher") Motion for Amended Scheduling Order to Extend Trial Dates and for Leave to File Second Amended Complaint.[3] Under DUCivR 7-1(f), the court has concluded that oral argument is unnecessary and therefore decides the motion on the written memoranda. Having reviewed the parties' briefs and relevant law, the court denies the motion for the reasons set forth below.

---

[1] ECF No. 19.

[2] ECF No. 28.

[3] ECF No. 30.

## BACKGROUND

This case involves a contract dispute between Mr. Gallacher and Defendant Evan Ruccolo ("Mr. Ruccolo"). Mr. Ruccolo sold Falenla.com, an online business, to Mr. Gallacher in April 2018. Soon after taking possession of the business, Mr. Gallacher discovered numerous problems with the business that Mr. Ruccolo allegedly failed to disclose during negotiations. Mr. Gallacher sued Mr. Ruccolo for fraudulent inducement, fraudulent non-disclosure and misrepresentation, negligent non-disclosure and misrepresentation, breach of contract, and breach of implied covenant of good faith and fair dealing. On January 28, 2019, Mr. Ruccolo filed a motion for judgment on the pleadings as to the fraud-based claims because the economic loss rule precludes them. The court dismissed with prejudice all claims against Mr. Ruccolo except for breach of contract and breach of implied covenant.[4] The court also denied Mr. Gallacher's request for leave to amend as futile.[5] Mr. Gallacher now seeks leave to amend the complaint to "provide clarity" to the causes of action.[6]

On November 13, 2019, the court entered a scheduling order which, *inter alia*, set forth the following deadlines: 1) March 31, 2020 – Moving for amendment of pleadings; 2) May 15, 2020 – Fact discovery deadline; and 3) May 31, 2020 – Expert disclosure deadline. Mr. Gallacher filed the present motion after these deadlines had passed on June 16, 2020. In addition to his request for leave to amend, Mr. Gallacher also moves the court to modify the scheduling order.

---

[4] ECF No. 25.

[5] *Id.*

[6] ECF No. 30 at 2.

## LEGAL STANDARDS

Under Fed. R. Civ. P. 16(b)(4), the court may extend the deadlines in a scheduling order if the movant is able to demonstrate "good cause" for that modification. However, where, as here a party seeks the extension of time to perform "any act" after the deadline has passed, the court may extend the deadline only upon a showing of good cause and that the failure to act was due to excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

As the Tenth Circuit Court of Appeals has recognized, "good cause" and "excusable neglect" are interrelated.

> Without attempting a rigid or all-encompassing definition of 'good cause,' it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified' is normally required.

*Broitman v. Kirkland* (*In re Kirkland*), 86 F.3d 172, 175 (10th Cir. 1996) (quoting *Putnam v. Morris,* 833 F.2d 903, 905 (10th Cir. 1987). "'[G]ood cause' requires a greater showing than 'excusable neglect.'" *Broitman,* 86 F.3d at 175.

The "good cause" standard primarily considers the diligence of the party. *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009). The party seeking the extension must show that despite due diligence it could not have reasonably met the scheduled deadlines. *Id*. This "means that it must provide an adequate explanation for any delay." *Id*. (quotations and citation omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Deghand v. Wal–Mart Stores, Inc.,* 904 F. Supp. 1218, 1221 (D. Kan. 1995) (quotations and citation omitted) (alteration in original). "The lack of prejudice to the nonmovant does not show good cause." *Id*. (citation omitted).

3

Similarly, "excusable neglect" considers four factors: (1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay and whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party. *Hamilton v. Water Whole Intern. Corp.*, 302 Fed. App'x. 789, 798 (10th Cir. 2008) (citing *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004)). The reason for delay is an important, if not the most important, factor in this analysis. *Id.* (citing *Torres*, 372 F.3d at 1163).

If the movant satisfies the good cause standard and demonstrates excusable neglect, a party seeking leave to amend pleadings must then satisfy the standard for amendment of pleadings under Fed. R. Civ. P. 15. Under Rule 15(a), the court "should freely give leave [to amend] when justice so requires." Whether to provide a party leave to amend its pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). The court may deny leave to amend only where there is a "showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009).

## ANALYSIS

Mr. Gallacher's motion fails because he has shown neither good cause to modify the deadlines in the scheduling order nor that his failure to act was the result of excusable neglect. Because the court concludes that Mr. Gallacher has failed to establish good cause under Rule 16(b) or excusable neglect under Rule 6(b), the court need not reach the question of whether

leave to amend should be granted under Rule 15(a).[7] Mr. Gallacher's failure to establish good cause and excusable neglect are discussed in order below.

### I. Mr. Gallacher has not demonstrated good cause to modify the scheduling order.

Mr. Gallacher argues that good cause exists to "reschedule any dates and deadlines after March 1, 2020 so as to provide the parties with sufficient opportunity to manage the case."[8] Mr. Gallacher grounds his good cause argument in extenuating circumstances relating to the ramifications of the COVID-19 pandemic, such as physical restrictions and lack of in-person meetings with clients. Mr. Gallacher also alleges that "COVID-19 has effectively shut down the court system" citing to General Order 20-017 issued by the court on June 15, 2020. Mr. Gallacher also attempts to convince the court that Mr. Ruccolo has already "effectively agreed to" the modifications by postponing depositions until they are able to take place in-person which, according to Mr. Gallacher, is essentially a "watered-down version of the request" made here.[9]

The court concludes that Mr. Gallacher has not established good cause for an extension of the case deadlines. Mr. Gallacher's motion fails to describe efforts to meet the deadlines or how the pandemic has specifically impacted Mr. Gallacher or his attorney's ability to comply

---

[7] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1242 (10th Cir. 2014) ("Having concluded Gorsuch Cooper and Aspen lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue, and decline to do so."). However, even assuming *arguendo* that Mr. Gallacher could demonstrate good cause and excusable neglect, Mr. Gallacher could not demonstrate that justice requires that he be permitted to amend his complaint because his proposed amendments have already been declared futile and expressly dismissed with prejudice by the court. ECF No. 25.

[8] ECF No. 30 at 5.

[9] *Id*.

with court-ordered deadlines. Mr. Gallacher asserts that the pandemic "has made working with office staff, clients, and experts more difficult" but does not explain how these generalized difficulties had any bearing on his ability to timely move to amend the complaint or designate experts, especially in the digital era. More importantly, Mr. Gallacher has known about the scheduling deadlines since November 13, 2019, but waited until after the deadlines lapsed to act.

As to Mr. Gallacher's reliance on General Order 20-017 and his assertion that the court was "effectively shut down," the court finds this argument without merit. While certain in-person proceedings were suspended due to the COVID-19 pandemic, the pandemic never caused the court to shut down. In fact, the District of Utah has stayed open and civil cases particularly have continued to move forward with little to no disruption in progress. The court recognizes that in certain circumstances the difficulties caused by the COVID-19 pandemic could be sufficient to show good cause for amending a scheduling order; however, Mr. Gallacher has not proffered sufficient facts to show that those circumstances are present in this case. Therefore, Mr. Gallacher has failed to establish good cause.

### II.     Mr. Gallacher has not shown his failure to act was a result of excusable neglect.

Because "'good cause' requires a greater showing than 'excusable neglect,'" *Broitman,* 86 F.3d at 175, discussing excusable neglect is unnecessary. However, the court does so as an alternative ground for denying Mr. Gallacher's motion to modify the scheduling order. The court finds the first, second, and fourth factors of the excusable neglect analysis weigh in favor of finding excusable neglect because the danger of prejudice is marginal, the length of the delay was not protracted, and there is no evidence of bad faith. The court therefore focuses its analysis on the third factor which requires the court to consider the reason for delay and whether

6

it was in the reasonable control of the moving party. Given that the reason for delay is an important, if not the most important, factor in this analysis, *Hamilton*, 302 Fed. App'x. at 798, this does not bode well for Mr. Gallacher.

The problem with this factor for Mr. Gallacher is that the court is unsure why Mr. Gallacher did not utilize or was unable to utilize digital means to meet the expert disclosure and amendment deadlines or why there was almost a three-month-long delay to request an extension. Mr. Gallacher attests that his attorney is "in the high-risk category [defined] by the CDC and had subsequently limited his in-person contact with others,"[10] but that does not explain why communications with his attorney could not take place by telephone or other remote means. Instead, Mr. Gallacher relies on the COVID-19 pandemic as if it, in and of itself, is a justification to excuse delays and dereliction without providing any support. That is not the case. For these reasons, the court does not find excusable neglect.

## ORDER

Based on the foregoing, Mr. Gallacher's Motion for Amended Scheduling Order to Extend Trial Dates and for Leave to File Second Amended Complaint[11] is DENIED.

DATED this 20th day of August 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[10] *Id*. at 4-5.

[11] *Id*.